COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

CIVIL ACTION NO.:

| | | |
|---|---|---|
| **KRISTIN GABEL,** | ) | 04-10579 JLT |
| Plaintiffs | ) | MAGISTRATE JUDGE Collings |
| | ) | |
| v. | ) | |
| | ) | RECEIPT # _____ |
| **RIVERVIEW SCHOOL, AUDRICK J.** | ) | AMOUNT $ _____ |
| **HAYES, STEVEN GRINSELL, AND** | ) | SUMMONS ISSUED ___ |
| **MAUREEN BRENNER** | ) | LOCAL RULE 4.1 _____ |
| | ) | WAIVER FORM _____ |
| Defendants | ) | MCF ISSUED _____ |
| | | BY DPTY. CLK. _____ 3-24-04 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action arises from the sexual molestation of a student at the Riverview School in East Sandwich, Massachusetts by an employee of the school, Audrick J. Hayes, over a four year period. As the employer of Hayes, the Plaintiff contends that Riverview and its staff, the other named defendants, knew or should have known of Hayes's conduct. The negligence of all the defendants caused the Plaintiff harm and constituted a breach of Riverview's contract to provide services for the Plaintiff.

### JURISDICTION

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

### PARTIES

3. The Plaintiff, Kristin Gabel, is an individual whose permanent residence is 4031 Chicora Wood Place, Jacksonville, Florida.

4. The Plaintiff was a minor at the time of some of the events alleged in this Complaint. The Plaintiff's birth date is March 25, 1983.

5. The Defendant, Riverview School ("Riverview"), located in East Sandwich, Massachusetts, is a co-educational, residential school for special needs students ages 12 – 19. The school provides secondary and post-secondary programs.

6. The Defendant, Audrick J. Hayes ("Hayes"), is an individual residing in Barnstable, Massachusetts, who at all times relevant hereto, was employed by the Defendant, Riverview School, as a dormitory coordinator.

7. The Defendant, Steven Grinsell ("Grinsell"), on information and belief, is an individual residing in or near East Sandwich, Massachusetts, at all times relevant hereto, was the Director of Residential and Support Services and/or the Director of Programming.

8. The Defendant, Maureen Brenner ("Brenner"), on information and belief, is an individual residing in or near East Sandwich, Massachusetts. During some of the time relevant hereto, she was the Headmaster of the Riverview School.

## FACTS

9. The Plaintiff has severe learning disabilities. In or about December, 1997, when the Plaintiff was 14 years old, she enrolled as a boarding student in the secondary program at Riverview. She continued to study there until she received her high school diploma in June of 2002, when she was 19 years old. After she received her diploma, she continued to study in Riverview's "G.R.O.W." program. She left Riverview in May, 2003.

10. For each year she attended Riverview, the Plaintiff's parents, Laura and David Gabel, or her grandparents, Robey and Gail Stewart, entered into an agreement with the Defendant, Riverview School, by which they would pay Defendant, Riverview School, substantial sums of money in return for which Defendant Riverview School would educate their daughter/ granddaughter in a safe and closely supervised environment, free from sexual molestation. The Plaintiff was the intended third party beneficiary of the contract.

11. In February, 1999, Defendant Hayes was hired by Riverview School as a dormitory coordinator. For some period of time prior to June, 2001, Defendant Hayes left the employ of Riverview. He was rehired in September, 2001.

12. On diverse dates between February, 1999 and May, 2003, Defendant Hayes sexually molested the Plaintiff. Some incidents occurred in the school car near Riverview's gym. Some took place at the YMCA pool in West Barnstable, Massachusetts, where Riverview students had swimming activities. All the incidents occurred when Defendant Hayes was permitted to be alone with the Plaintiff.

## COUNT I

**(vs. Grinsell, Brenner and Riverview -- Negligence)**

13. The Plaintiff repeats and realleges the complaints as set forth in paragraphs 1 through 12 above.

14. Defendants Brenner, Grinsell and Riverview negligently failed to maintain a properly supervised and safe environment for its students, thereby allowing the sexual molestation of Plaintiff. Defendants knew or reasonably should have known about the sexual molestation to which Plaintiff had been subjected. Though the Defendants were in a position of responsibility to protect the safety and wellbeing of Plaintiff, they failed to supervise Defendant Hayes, and failed to implement and/or establish protocols to prevent these sexual molestations from taking place.

15. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered personal injuries and continues to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT II

### (vs. Hayes, Grinsell, Brenner and Riverview -- Negligent Infliction of Emotional Distress)

16. The Plaintiff repeats and realleges the complaints as set forth in paragraphs 1 through 15 above.

17. At all relevant times, the Defendants knew or should have known that emotional distress was a likely result of their conduct.

18. As a direct and proximate result of the conduct by Defendants, the Plaintiff has suffered and continues to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT III

### (vs. Hayes, Grinsell, Brenner and Riverview -- Violation of Massachusetts Civil Rights Act, M.G.L. c. 12, section 11I)

19. The Plaintiff repeats and realleges the complaints as set forth in paragraphs 1 through 18 above.

20. The Defendants interfered with, or attempted to interfere with Plaintiff's enjoyment of the right to be free from sexual molestation, as secured by the Constitution or the laws of the United States and the Commonwealth, by threats, intimidation or coercion.

21. As a direct and proximate result of the Defendants' violation of the Plaintiff's civil rights, the Plaintiff has suffered personal injuries and continues to suffer severe and permanent mental distress and emotional harm as well as other consequential damages.

## COUNT IV

### (vs. Riverview -- Breach of Contract)

22. The Plaintiff repeats and realleges the complaints as set forth in paragraphs 1 through 21 above.

23. For each year the Plaintiff attended Riverview, the Defendants had contracts with Plaintiff's parents or grandparents, under which Plaintiff's parents or grandparents would pay Defendant substantial sums of money, in return for which Defendants agreed to properly educate Plaintiff in a residential environment free from sexual molestation. The Defendants breached their agreement with Plaintiff's parents and grandparents.

24. Plaintiff is the intended third-party beneficiary of the contract between Plaintiff's parents and grandparents and the Defendants and she suffered damage as a result of Defendants' breach.

WHEREFORE, Plaintiff prays this Honorable Court to grant her the following relief:

All damages for personal injuries, emotional distress, and breach of contract; Reasonable attorneys fees and costs; and any other damages as this Honorable Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury.

Respectfully submitted,
The Plaintiff,
KRISTIN GABEL,
By her attorneys,

/s/ Laurence E. Hardoon

Laurence E. Hardoon, B.B.O. No.: 221360
Djuna E. Perkins, B.B.O. No.: 561909
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: March 24, 2004